| | | |
|---|---|---|
| ALEXANDER FRIEDMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:26-cv-00258 |
| | ) | |
| FRANK STRADA, | ) | |
| BRETT COBBLE, | ) | |
| BRENT KREMNITZER, | ) | |
| ARIEL MACE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Alexander Friedman's Motion for a Temporary Restraining Order and Preliminary Injunction and Memorandum of Law. (Doc. No. 10). The Court has considered the Motion, the supporting Memorandum of Law, Complaint, declarations and exhibits submitted in support, and the applicable law. The Court has also considered the Declaration of Brent Cobble (Doc. No. 18-2) and the Declaration of Reginald Jenkins (Doc. No. 17) that Warden Cobble has appointed William Andrews as the new Inmate Legal Aid worker. According to Mr. Jenkins, however, Mr. Andrews concedes he has no experience preparing the state post-conviction petition Mr. Jenkins must file by July 22, 2026. Based on the foregoing , the Court rules as follows:

1. Plaintiff has demonstrated (1) a strong likelihood of success on the merits, (2) that he will suffer immediate and irreparable harm absent injunctive relief—namely, the loss of his derivative First Amendment right to provide the only available legal assistance to inmate Reginald Jenkins before Mr. Jenkins's non-renewable July 22, 2026 post-conviction petition deadline—(3) that the balance of hardships favors the Plaintiff, and (4) that the public

interest favors the issuance of injunctive relief.  <u>Johnson v. Avery</u>, 393 U.S. 483, 488-490 (1969); <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 395-96 (6th Cir. 1999).

2. Defendants Frank Strada, Brett Cobble, Brent Kremnitzer, and Ariel Mace, together with their officers, agents, servants, employees, and representatives, are temporarily restrained and enjoined from enforcing the restrictions in Tennessee Department of Correction Policies 501.04.VI.B and 509.02-1.VI.C against the Plaintiff, Alexander Friedmann, when he provides legal assistance to Reginald Jenkins, TDOC #447635, in preparing and filing his post-conviction petition before the July 22, 2026 deadline.

3. Defendants may impose reasonable, content-neutral restrictions on the time and location of the legal assistance permitted by this Order, consistent with <u>Johnson v. Avery</u>, 393 U.S. 483 (1969).

4. Pursuant to Federal Rule of Civil Procedure 65(c), and in the exercise of the Court's discretion, the Plaintiff is excused from posting bond or other security as a condition of this temporary restraining order.

5. Pursuant to Federal Rule of Civil Procedure 65(b)(2), this Order shall take effect upon service to Defendant and shall remain in effect for fourteen (14) days, unless extended by the Court for good cause shown or by the consent of the parties.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

2